UNITED STATES HOUSING CORPORATION, INC., Appellant, *v.* WILLIAM A. JUEDES, Respondent.

Fourth Department, May 11, 1921.

**Summary proceedings — lease from month to month — provision for termination on thirty days' notice — act of Congress providing that rents by plaintiff must be reasonable — unreasonableness of rent not defense where termination notice served — Laws of 1920, chapters 136 and 139, not applicable to city of Watertown.**

The unreasonableness of the rent is not a defense to summary proceedings to dispossess a tenant under a written lease from month to month with a provision for termination on thirty days' notice, instituted by the plaintiff, a corporation organized under an act of Congress to provide for housing of war needs, after giving the required thirty days' notice of termination, although the amendatory act of Congress provided that the rental charges should be reasonable and just as between tenants and the government.

Chapters 136 and 139 of the Laws of 1920, and kindred legislation relating to defenses upon the ground of unjust, unreasonable and oppressive rents, have no application to premises situate in the city of Watertown.

APPEAL by the plaintiff, United States Housing Corporation, Inc., from an order of the County Court of Jefferson county, entered in the office of the clerk of said county on the 31st day of December, 1920, dismissing the petition of the petitioner in summary proceedings for the removal of the defendant from certain premises.

*Clarence E. Williams,* for the appellant.

*John Conboy* and *W. W. Kelley,* for the respondent.

KRUSE, P. J.:

The United States Housing Corporation, the petitioner, made a lease to William A. Juedes, above named, of certain premises situate in the city of Watertown, for one month, from July 1, 1919, to August 1, 1919, and from month to month thereafter, for the monthly rental of twenty-five dollars payable in advance. The lease is in writing and provides that the lessor has the right to terminate the lease at any time by giving the lessee thirty days' written notice, and upon the

termination of the lease for any cause whatsoever the lessee agrees to quit and deliver up the premises to the lessor. A notice in writing dated September 20, 1920, was served upon the lessee by the lessor, requiring the lessee to quit and remove from the premises on or before the 1st day of November, 1920, but the lessee refused to vacate the premises, and thereupon and on the 2d day of November, 1920, this proceeding was commenced.

The petition sets forth the making of the lease, the entry of the tenant in occupation of the premises under the same, the termination of the lease by the service of the notice and the holding over by the tenant after the expiration of the term.

The defendant in his answer admits the occupancy of the premises and the service of a notice of thirty days to quit and surrender the premises, but denies that his term was terminated and that he holds over after the expiration of his term.

The housing corporation was organized under the laws of this State to provide housing for war needs under the act of Congress approved May 16, 1918, and the act of Congress approved June 4, 1918, which authorized the President, through such agency as he may create or designate, to provide for such housing and by subsequent amendment approved July 19, 1919, provided for selling the housing property and winding up the business of the housing corporation after the termination of the war as formally proclaimed by the President. (See 40 U. S. Stat. at Large, 550, 551, chap. 74, § 1; 40 id. 552, § 7, as amd. by 40 id. 595, chap. 92; 40 id. 552, § 5, as amd. by 41 id. 224, chap. 24.)

The amendatory act of Congress contains this provision: " In no case shall any such property be given away; nor shall rents be furnished free, but the rental charges shall be reasonable and just as between the tenants and the Government."

Before the notice to terminate the tenancy was served, the lessor undertook to raise the rent of the premises from twenty-five dollars a month to thirty-two dollars and ten cents a month, but the lessee refused to pay the same, or vacate the premises.

Much evidence was taken as to the rental value of the premises. After the tenant had rested his case upon this question, a motion was made to strike it out; the county judge

held that under the provisions of section 2244 of the Code of Civil Procedure which permits new matter constituting a legal or equitable defense or counterclaim to be set up, the evidence was proper, and finally decided that the monthly rent of thirty-two dollars and ten cents fixed by the government, was excessive and constituted a defense and dismissed the proceeding.

While the proceeding is not founded upon non-payment of rent, it is contended upon the part of the lessee that the real purpose is to compel him to pay an exorbitant rent. The United States attorney, who appears for the housing corporation, contends that the premises are no longer needed for war purposes and that the housing property must be sold and the business of the corporation wound up as the act of Congress provides. Even if the lessee is right as regards the lessor's ulterior purpose, it affords no justification for his refusal to vacate. By the express terms of the lease, the lessor could terminate the lease at any time by written notice of thirty days, and such was the effect of the notice served.

As regards chapters 136 and 139 of the Laws of 1920, and kindred legislation relating to defenses upon the ground of unjust, unreasonable and oppressive rents, cited by counsel for respondent, it is enough to say that such legislation has no application to premises situate in the city of Watertown. I am of opinion that the lessee made out no defense and that the lessor is entitled to an order dispossessing him.

The order of the county judge should, therefore, be reversed, with costs, and the matter remitted, with directions to the county judge to award possession of the premises to the petitioner, with costs, as provided by section 2249 of the Code of Civil Procedure.

All concur.

Order reversed, with costs, and matter remitted to county judge, with directions to make final order awarding to the petitioner possession of the premises, with costs.